IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

SUSAN (RIER) METROLIS,

     Plaintiff-Appellant,

                                   Shelby Juvenile No. 51977

Vs.                                  C.A. No. 02A01-9409-JV-00205

TIMOTHY WILLIAM RIER,

     Defendant-Appellee.

_____

FROM THE JUVENILE COURT OF SHELBY COUNTY

THE HONORABLE KENNETH TURNER, JUDGE

FILED

**December 5, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

Steven G. Roberts of Memphis
For Appellant

Herschel L. Rosenberg
Van Eaton & Rosenberg of Memphis
For Appellee

VACATED IN PART, AFFIRMED IN PART AND REMANDED

Opinion filed:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

This appeal involves a juvenile court proceeding for child support. Petitioner, Susan Rier Metrolis (Mother), filed a petition against Timothy William Rier (Father) on October 28, 1993, seeking past, present, and future support for their two minor children, Crystal and Lisa. The petition requests that "the respondent should be ordered to contribute toward the support of said children according to the respondent's means and the needs of said children and reimburse the petitioner for the expenses of rearing the children with the respondent's assistance."

After an evidentiary hearing, the juvenile court referee filed findings and recommendations on June 29, 1994, and these findings and recommendations were subsequently confirmed as the decree of the court. The decree ordered Father to pay medical insurance and $493.50 per month for child support. The decree also awarded Mother a judgment of $2,758.10 for child support arrearages for the period beginning October 28, 1993, to the date of judgment. Mother's request for support prior to October 28, 1993, was denied. Mother has appealed, and the only issue for review is whether the juvenile court erred in failing to award Mother a judgment for child support from January, 1983, to October, 1993, based upon the child support guidelines.

This case first came under the jurisdiction of the Juvenile Court of Memphis and Shelby County when Mother filed an Affidavit of Nonsupport in June, 1980. Shortly thereafter, a warrant was issued for Father. Based upon the affidavit and the finding of the court, Father was ordered to pay $35.00 per week for the support of his minor child. In June, 1982, after their second child was born, the order of support was increased to $250.00 per month. On November 3, 1982, the parties were divorced by decree of the Circuit Court of Shelby County, and the final decree stated that jurisdiction of custody and support would remain in the

2

juvenile court.

In February, 1983, Father filed a petition in the juvenile court to decrease child support payments. When Father attempted to serve Mother with process, the summons was returned unserved with the notation, "Left notice, she says Mrs. Rier is out of town." A second summons was issued and sent by certified mail to Mother, but it is unclear whether Mother ever received this summons. By order entered September 1, 1983, the juvenile court suspended Father's obligation to pay child support under the order of June 15, 1982. In October, 1983, Father filed a petition for the return of child support payments previously paid which were being held by the clerk of the court. In November, 1983, an order was entered directing that Father be repaid those sums.

On January 29, 1993, Mother filed a petition seeking to hold Father in contempt of court based upon his failure to pay the child support ordered by the juvenile court order of June 15, 1982. By order entered July 21, 1993, the juvenile court found that the original juvenile court order of June 23, 1980, and all subsequent orders were void, and the court dismissed Mother's petition for lack of jurisdiction. No appeal was taken from this decision.

The petition in the instant case was filed October 28, 1993, and as previously noted, seeks, among other things, reimbursement for child rearing expenses incurred by Mother from January, 1983, to the present. Mother asserts that the child support guidelines (guidelines) that were adopted by our Supreme Court pursuant to Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-655 (1991 and Supp. 1994), apply to this case and are appropriate for establishing the child support for the period of 1983 to 1993.

We agree with Mother that the child support guidelines are applicable to any action brought to establish or modify child support. *See Townsend v.*

3

*Thompson*, No. 0ZA01-9211-JV-00321 (Tenn. App. Dec. 10, 1993). However, in the present case we are not dealing with a modification of a prior support order, because the support order in this case has been declared void by the court that rendered it. The petition filed in this case seeks reimbursement "for the expenses of rearing the children with the respondent's assistance." The juvenile court properly considered the guidelines in establishing the future support requirement. However, we do not feel that the guidelines are necessarily controlling in ascertaining a figure for reimbursement of child-rearing expenses.

Father asserts that Mother is entitled to nothing because she absented herself from the jurisdiction and because the juvenile court suspended its order requiring Father to pay child support because Mother could not be located. This perhaps would be a valid argument but for the fact that the juvenile court has declared all of the orders in this cause void, and this declaration is final. Therefore, there is no prior order of support, nor is there a prior order that suspends the operation of the order of support. This case is essentially a suit brought by Mother against Father to require Father to comply with the mandate of T.C.A. § 34-1-101 (1991) and its successor T.C.A. § 34-11-102 (Supp. 1995), which provides in pertinent part:

> 34-11-102. Parents as joint and equal natural guardians of minors - Custody of minors - Support of minors over eighteen in high school - Property of minor - Incapacity of parents - Divorce - Commitment of guardianship to county - Guardianship instrument. -
> (a) Parents are the joint natural guardians of their minor children, and are equally and jointly charged with their care, nurture, welfare, education and support and also with the care, management and expenditure of their estates. Each parent has equal powers, rights and duties with respect to the custody of each of their minor children and the control of the services and earnings of each minor child . . . .

The record reveals no pleading asserting any applicable statute of

4

limitation and we see no reason why Mother should not be entitled to reimbursement for a share of the expenses incurred in performing the joint obligation of both parties.

It is uncontroverted that Father provided no support for the children from January, 1983, to October, 1993, but there is no proof in the record concerning the expenses incurred by Mother in supporting the children during this time. Therefore, this appears to be a proper case for the application of T.C.A. § 27-3-128 (1980) which provides:

> 27-3-128.  Remand for correction of record. -  The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

The juvenile court should consider the evidence concerning expenses incurred for the care of the children during the period involved and consider the income and economic condition of Father during the same period of time.

The decree of the juvenile court denying recovery of child support prior to October 28, 1993, is vacated, and the case is remanded to the trial court for further proceedings to determine the amount, if any, which Mother should be reimbursed for child-rearing expenses she incurred during the period in issue. The decree in all other respects is affirmed.  Costs of the appeal are assessed against appellee.

_____
W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:

_____
ALAN E. HIGHERS, JUDGE

5

_____
DAVID R. FARMER, JUDGE